BERNICE GLASSMAN ET AL. *v.* DOMENICO MARTIN MACCIONE ET AL.
(6601)

SPALLONE, STOUGHTON and NORCOTT, Js.

Argued December 7, 1988—decision released January 31, 1989

*Martin M. Looney,* with whom, on the brief, was *Thomas F. Keyes, Jr.,* for the appellants (plaintiffs).

*John H. Gorman,* for the appellee (named defendant).

PER CURIAM. The sole question in this case is whether, under the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), General Statutes

§ 46b-96, the trial court erred in dismissing the plaintiffs' petition for custody of their grandchildren.

The record reflects the following facts. On April 18, 1985, Domenico Maccione and Lisa Ellen Maccione were divorced by a decree of a court of the state of Florida. The Florida court awarded primary residency of the couple's minor child, Amber, to Lisa Ellen Maccione. On July 25, 1987, Domenico Maccione, a resident of Florida, petitioned the Florida court for a modification of the dissolution decree in order to gain primary residency of Amber. On August 31, 1987, before the Florida court ruled on the defendant's petition, Amber Maccione's maternal grandparents, Bernice and Burt Glassman of New Haven, brought this action against Domenico Maccione and Lisa Ellen Maccione[1] in New Haven Superior Court, alleging that Amber had been living continuously in their home since March, 1987, and requesting that custody of Amber be awarded to them. Thereafter, on September 9, 1987, the Florida court granted Domenico Maccione's petition for modification of the dissolution decree and awarded primary residency of Amber to him.

On motion of the defendant Domenico Maccione, the trial court dismissed the complaint, holding that the Florida court had jurisdiction with respect to custody of Amber and that, under the provisions of General Statutes § 46b-96, the court should refrain from exercising jurisdiction. We find no error.

Both Connecticut and Florida have adopted the provisions of the UCCJA, which is intended to avoid jurisdictional competition and conflict between the courts of different states in matters of child custody. *Agnello* v. *Becker,* 184 Conn. 421, 426, 440 A.2d 172 (1981). The UCCJA seeks to assure that only one state make cus-

---

[1] Lisa Ellen Maccione did not file an appearance and is not involved in this appeal.

tody decisions. Id., 430. General Statutes § 46b-96 (a) specifically provides that a Connecticut court *"shall not* exercise its jurisdiction . . . if at the time of filing the petition a proceeding concerning the custody of the child is pending in a court of another state exercising jurisdiction substantially in conformity with [Connecticut law], unless the proceeding is stayed by the court of the other state . . . ." (Emphasis added.)

The record is clear that, at the time the plaintiffs filed their custody petition in New Haven Superior Court, a "proceeding concerning the custody of the child" initiated by the child's father, the defendant Domenico Maccione, was pending in Florida, the state in which the original custody decree was rendered. In granting the defendant's motion to dismiss and declining thereby to exercise jurisdiction, the trial court acted in accordance with the clear language and purpose of General Statutes § 46b-96 (a).

There is no error.